IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAL-MART STORES, INC., and MICHAEL T. DUKE, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) Misc. No. 15-242-SLR ) |
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, | ) ) ) |
| Respondent. | ) ) ) |
| _____ | ) |
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 12-5162 (SOH) ) (W.D. Ark.) ) |
| WAL-MART STORES, INC., and MICHAEL T. DUKE, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

At Wilmington this ꝶth day of February, 2016, having reviewed defendants Wal-Mart Stores, Inc. and Michael T. Duke's ("Wal-Mart") motion to quash, and the papers submitted in connection therewith, the court issues its decision based on the following analysis:

1. **Background.**  This case relates to two subpoenas ("the Subpoenas") issued

pursuant to Federal Rule of Civil Procedure Rule 45 by the United States District Court

for the Western District of Arkansas, at the request of City of Pontiac General

Employees Retirement System ("PGERS"), and directed to Grant & Eisenhofer P.A.[1]

("G&E") and Indiana Electrical Workers Pension Trust Fund ("IBEW").  Wal-Mart moves

to quash the Subpoenas or, in the alternative, to transfer the motion to the Western

District of Arkansas, or stay proceedings related to the Subpoenas pending the outcome

of a Rule 26 motion in the Arkansas District Court.  (D.I. 1)  The Subpoenas request the

production of documents related to the litigation captioned *Indiana Electrical Workers*

*Pension Trust Fund IBEW v. Wal-Mart Stores Inc.*, Civ. No. 7779-CS, Delaware

Chancery Court (the "Books and Records Action"), for use in PGERS' current securities

action (the "Underlying Action") against Wal-Mart Stores, Inc. and Michael T. Duke

("Wal-Mart").  The Underlying Action is a securities class action captioned *City of*

*Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, Civ. No. 12-

5162 (W.D. Ark.), pending before the Western District of Arkansas.

2.  IBEW, a shareholder of Wal-Mart, initiated the Books and Records Action

against Wal-Mart pursuant to 8 Del.C. § 220 in the Delaware Court of Chancery ("Court

of Chancery") following the 2012 publication of a newspaper article discussing

allegations of corruption in Wal-Mart's foreign business operations.  In a 2013 order (the

"Final Order"), the Court of Chancery ordered Wal-Mart to produce certain responsive

documents to IBEW, including those protected under attorney-client privilege pursuant

---

[1] Grant & Eisenhofer P.A. is identified as having served as counsel for IBEW in connection with the Books and Records Action.

to the *Garner* doctrine, which provides that a corporation may not be fully protected by claims of privilege in a suit brought by the corporation's shareholders.[2]  *See Garner v. Wolfinbarger*, 430 F.2d 1093, 1103 (5th Cir. 1970).

  3.  In the Final Order, the Court of Chancery stated that "nothing herein is intended to extend this Court's ruling on the application of the *Garner* doctrine or exceptions to attorney work-product protection to any other documents of Wal-Mart, or to result in a waiver of any of Wal-Mart's applicable privileges." (D.I. 6, ex. 5)  The Court of Chancery also ordered Wal-Mart to provide PGERS with a privilege log identifying "all Responsive Documents over which Wal-Mart asserts privilege and/or work-product protection." (*Id.*)  The Final Order stated that, to the extent any documents in the privilege log remained protected under attorney-client privilege or as work product, IBEW's counsel "shall maintain the privilege and/or work-product protection of any such documents produced to PGERS by Wal-Mart, and such production shall not prejudice Wal-Mart's ability to assert privilege and/or work-product protection vis-à-vis any third party." (*Id.*)  Pursuant to the Final Order, Wal-Mart produced certain documents to IBEW, including a privilege log. (*Id.*)  The Delaware Supreme Court upheld the Final Order in 2014. (D.I. 2 at 2)

---

[2] "But where the corporation is in suit against its stockholders on charges of acting inimically to stockholder interests, protection of those interests as well as those of the corporation and the public require that the availability of the privilege be subject to the right of the stockholders to show cause why it should not be invoked in the particular instance." *Garner*, 430 F.2d at 1103-4.  Further, *Garner* states that there are "many indicia" that may allow the court to determine whether there is good cause, including, among other things, the nature of the shareholders claim and whether it is obviously colorable, and whether the claim is of wrongful action by the corporation. *See id.* at 1104.

2

4.  PGERS caused the Arkansas District Court to issue identical amended Rule 45 Subpoenas to IBEW and G&E on September 3, 2015, seeking production of the subpoenaed information from the Books and Records Action for purposes of its current securities class action against Wal-Mart.  The Subpoenas require compliance in the District of Delaware.  (D.I. 6, ex. 9)  The Subpoenas request all documents produced by Wal-Mart in the Books and Records Action and the related court proceedings, including "all documents or portions of documents for which attorney-client privilege or attorney work product protection had been claimed by Wal-Mart."  (*Id.* at 7)  Additionally, the Subpoenas request "all privilege and/or redaction logs produced by Wal-Mart in connection with, or related to, the IBEW Books and Records Action."  (*Id.* at 8)

5.  On September 14, 2015, PGERS' counsel met formally with Wal-Mart's counsel, and Wal-Mart objected to the Subpoenas on the basis that they demanded privileged documents.[3]  (D.I. 2 at 8)  PGERS responded that it was entitled to the documents requested in the Subpoenas, despite the Final Order from the Court of Chancery.[4]  (D.I. 5 at 13)

6.  On September 17, 2015, Wal-Mart filed a motion for protective order pursuant to Federal Rule of Civil Procedure 26 in the Arkansas District Court to prevent PGERS from obtaining the privileged information from IBEW and G&E through the Subpoenas.

---

[3] In its memorandum supporting its motion to quash the subpoenas, Wal-Mart stated, "[o]n September 14, 2015, Wal-Mart's counsel formally met and conferred with PGERS's counsel, objecting to their baseless demands for privileged documents through the subpoenas." (D.I. 2 at 8)

[4] In its memorandum opposing Wal-Mart's motion to quash the subpoenas, PGERS maintained that the subpoenaed documents are those which Wal-Mart was ordered to produce to IBEW during the Books and Records Action, stating "[a]ll of the subpoenaed documents are documents Walmart produced to IBEW pursuant to the IBEW 220 Demand or the Delaware Litigation." (D.I. 5 at 13)

3

Wal-Mart has moved to expedite the Arkansas District Court's consideration of such motion. (D.I. 2 at 9) Wal-Mart has not yet provided PGERS with a privilege log in connection with the Underlying Action. (D.I. 5 at 18)

7. **Legal Standard**. Under Federal Rule of Civil Procedure 45(d)(3)(A), the court is required, on timely motion, to quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to an undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

8. Rule 45 also addresses how a party may claim information is privileged. If a party withholds subpoenaed information on the grounds that it is privileged or protected as trial-preparation, that party must "(i) expressly make the claim, and (ii) describe the nature of the withheld documents, communications, or things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2).

9. Federal Rule of Evidence 502(c) concerns the waiver of attorney-client privilege. Specifically, Rule 502(c) states that a disclosure made in a state proceeding that is not the subject of a state-court order concerning waiver does not operate as a waiver in a federal proceeding if the disclosure: (1) would not be a waiver under this rule if it had been made in a federal proceeding; or (2) is not a waiver under the law of the state where the disclosure occurred. Fed. R. Evid. 502(c).

10. **Analysis**. Rule 45 expressly states that the court for the district where compliance with a subpoena is required must quash or modify a subpoena that, among other things, requires the disclosure of privileged material. Fed. R. Civ. P.

4

45(d)(3)(A)(iii). Rule 45 further requires that, when a party asserts a claim of privilege, it must expressly make the claim and describe the documents with a certain level of specificity. However, Rule 45 does not explicitly state that the failure to do so results in a waiver of one's ability to claim privilege.[5] *See* Fed. R. Civ. P. 45(e)(2)(A). Moreover, in the Final Order, the Court of Chancery expressly preserved Wal-Mart's ability to assert a privilege claim in proceedings outside the Books and Records Action. (D.I. 6, ex. 5) The court concludes that Wal-Mart's previous disclosure does not amount to a waiver of its ability to assert applicable privileges; Wal-Mart retains its ability to assert a claim of privilege with respect to the information requested under the Subpoenas. Accordingly, Wal-Mart's motion to quash is granted in this regard.

11. Rule 45 also requires that a party expressly make the claim of privilege and describe the nature of the documents in such a way that allows the parties to assess the claim but also protects the privileged information. Fed. R. Civ. P. 45(e)(2)(A). In the instant case, Wal-Mart has made the express claim of privilege, stating "as [its] motion for protective order indicates, many of the subpoenaed documents are privileged and/or entirely irrelevant to the issues in dispute." (D.I. 2 at 9) Wal-Mart has failed, however, to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(ii).

12. The court concludes that Wal-Mart has failed to assert a valid claim of privilege with respect to the documents requested by PGERS and, accordingly, Wal-

_____

[5] Nor does PGERS' argument that, in the Books and Records Action proceedings, the Court of Chancery warned Wal-Mart of the importance of providing a privilege log answer the question of waiver. (D.I. 5 at 18)

5

Mart's motion to quash is denied in this regard.  Wal-Mart must produce a privilege log

that would allow the court to assess its claim of privilege.[6]

13. **Conclusion.**  For the reasons stated above, Wal-Mart's motion to quash is

granted in part, and denied in part.  An appropriate order shall issue.


_____
United States District Judge

---

[6] To the extent that the Subpoenas seek information that the court determines to be privileged after Wal-Mart produces a privilege log, the Arkansas District Court should resolve the privilege dispute.